# EXHIBIT "A"

EXHIBIT "A"

Electronically Filed
4/22/2020 9:48 AM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
DOUGLAS M. COHEN, ESQ. (SBN 1214)
DANIEL BRAVO, ESQ. (SBN 13078)
A. JILL GUINGCANGCO, ESQ. (SBN 14717)
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120
Telephone: (702) 341-5200
Facsimile: (702) 341-5300
Email: dcohen@wrslawyers.com
Email: dbravo@wrslawyers.com
Email: ajg@wrslawyers.com

*Attorneys for Plaintiffs*

CASE NO: A-20-813973-C
Department 14

### EIGHTH JUDICIAL DISTRICT COURT

### IN AND FOR CLARK COUNTY, STATE OF NEVADA

JOHN DOE, as the father of JANE DOE, his minor daughter; JANET DOE, as the mother of JANE DOE, her minor daughter; and JANE DOE, individually;

Plaintiffs,

vs.

EQUIPO ACADEMY; ESTELLA SPAINE; BENJAMIN SALKOWE; JOHN DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive;

Defendants.

Case No.:

Dept. No.:

**COMPLAINT AND JURY DEMAND**

(Exemption from Arbitration Requested; Damages Exceed $50,000.00)

Plaintiffs, JOHN DOE, as the father of JANE DOE, his minor daughter; JANET DOE, as the mother of JANE DOE, her minor daughter; and JANE DOE, individually, hereby complain against Defendants as follows:

### PARTIES

1.     Plaintiff JOHN DOE is the parent of his minor daughter, JANE DOE. JOHN DOE is a resident of Clark County, Nevada. JOHN DOE brings this action pursuant to NRS 12.080.

2.     Plaintiff JANET DOE is the parent of her minor daughter, JANE DOE. JANET DOE is a resident of Clark County, Nevada. JANET DOE brings this action pursuant to NRS 12.080.

3.     Plaintiff JANE DOE is a resident of Clark County, Nevada. JANE DOE was a student at EQUIPO ACADEMY, a charter school, located in Clark County, Nevada.

4.     Plaintiffs JOHN DOE, JANET DOE, and JANE DOE bring this action anonymously with pseudonyms because special circumstances exist. The need for anonymity outweighs prejudice to the opposing parties and the public's interest in knowing the parties' identities. A nondisclosure of Plaintiffs' identities is necessary to protect them from harassment, injury, ridicule, or personal embarrassment. The facts supporting the need for anonymity and the use of pseudonyms are obvious and stated below.

5.     Defendant EQUIPO ACADEMY is a Nevada charter school, established pursuant to NRS Chapter 388A, located in Clark County, Nevada, and is sponsored by the State Public Charter School Authority. EQUIPO ACADEMY receives public funds, including federal, state, and local financial assistance.

6.     Defendant ESTELLA SPAINE is the Director of Operations at EQUIPO ACADEMY and a resident of Clark County, Nevada. All actions alleged herein by ESTELLA SPAINE were taken under color of state law, and during the course and scope of her employment with EQUIPO ACADEMY.

7.     Defendant BENJAMIN SALKOWE is the Principal at EQUIPO ACADEMY and a resident of Clark County, Nevada. All actions alleged herein by BENJAMIN SALKOWE were taken under color of state law, and during the course and scope of his employment with EQUIPO ACADEMY.

8.     The true names and capacities of Defendants JOHN DOES I-X and ROE CORPORATIONS I-X are unknown to Plaintiffs; therefore, Plaintiffs sue those Defendants by such fictitious names. Plaintiffs allege on information and belief that each of the Defendants designated as a DOE is a partner, officer, director, employer, or employee, or is in some manner associated with one or more of the Defendants, and is responsible in some manner for the events referred to herein. Plaintiffs allege on information and belief that each of the ROE CORPORATIONS is the parent corporation, sibling corporation, subsidiary corporation, partner, shareholder, or alter ego of, or in some manner associated with one or more of the Defendants and

is responsible in some manner for the events referred to in this Complaint. Plaintiffs will ask leave of this Court to amend their complaint to insert the true names and capacities of these Defendants and to join such Defendants in this action when such names have been ascertained by Plaintiffs.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over each Defendant named herein because each Defendant is a corporation or an individual who has sufficient minimum contacts with Nevada to render the exercise of jurisdiction by Nevada courts permissible under traditional notions of fair play and substantial justice.

10.     Venue is proper because the acts giving rise to Plaintiffs' claims herein occurred within this judicial district.

**FACTS COMMON TO ALL CLAIMS**

11.     Paragraphs 1 through 10 are incorporated herein.

12.     EQUIPO ACADEMY is a Nevada charter school located at 4131 East Bonanza Road, Las Vegas, Nevada 89110.

13.     During all material times herein, BENJAMIN SALKOWE was the Principal at EQUIPO ACADEMY during the September 2018 to June 2019 school year.

14.     During all material times herein, ESTELLA SPAINE was the Director of Operations at EQUIPO ACADEMY during the September 2018 to June 2019 school year.

15.     EQUIPO ACADEMY provides education to children and adults, of female and male gender, from grade six through grade twelve. EQUIPO ACADEMY exercised substantial control over the school environment and STUDENT X (18-year-old adult male student at EQUIPO ACADEMY) and his victim, JANE DOE (12-year old female student at EQUIPO ACADEMY). The alleged peer-on-peer sexual harassment was committed in a context subject to the EQUIPO ACADEMY's control.

16.     EQUIPO ACADEMY has one campus site (or one building) that houses its students in grade six (ages 11-12) through grade twelve (ages 17-18).

17.     EQUIPO ACADEMY does not have a custom, policy, or procedure of monitoring the hallways of its campus via school personnel.

18.     EQUIPO ACADEMY does not have a custom, policy, or procedure for training school personnel to monitor the hallways of its campus.

19.     EQUIPO ACADEMY does not have a custom, policy, or procedure for use of electronic surveillance systems inside its campus, specifically for monitoring the campus' hallways.

20.     EQUIPO ACADEMY does not have a custom, policy, or procedure for preventing peer-on-peer sexual harassment within its campus. EQUIPO ACADEMY's official policy was to have no policy for training and no policy for monitoring the students' safety regarding the risk of peer-on-peer sexual harassment.

21.     JANE DOE, born January 16, 2007, age 12 at the time the events took place, was enrolled in the sixth-grade at EQUIPO ACADEMY during the September 2018 to June 2019 school year.

22.     STUDENT X, a male born November 21, 2000, who was age 18 at the time the events took place, was enrolled in the twelfth-grade at EQUIPO ACADEMY during the September 2018 to June 2019 school year.

23.     During the September 2018 to June 2019 school year, STUDENT X sexually groomed JANE DOE from January 2019 through April 2019. They would frequently obtain hall or bathroom passes and meet during class time at the drinking fountain located in the hallway between the boys' and girls' restrooms located on the second floor of the EQUIPO ACADEMY in plain view without any monitoring by school personnel or by digital or electronic surveillance. These meetings frequently included hugging and kissing. While they were EQUIPO ACADAMY students, STUDENT X exchanged text messages with JANE DOE that contained pictures of his genitalia and they visited sadomasochistic websites on the internet. On or about April 2, 2019 during class time, and with no monitoring by personnel or by digital or electronic surveillance in the hallway, STUDENT X and JANE DOE again met at the drinking fountain located in the hallway between the boys' and girls' restrooms located on the second floor of the EQUIPO ACADEMY campus. STUDENT X proceeded to kiss JANE DOE and put his tongue into her mouth, and STUDENT X then placed his hand down her pants and inserted his finger into JANE

DOE's vagina. The continual peer-on-peer sexual harassment was severe, pervasive, and objectively offensive.

24.     On April 4, 2019, JANE DOE was admitted to University Medical Center and evaluated for sexual assault.

25.     As a result, JANE DOE, the victim, was effectively denied equal access to the school's resources and opportunities, did not enroll in EQUIPO ACADEMY for the September 2019 to June 2020 school year, and was forced to seek alternative education.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. § 1983 – AGAINST ALL DEFENDANTS

26.     Plaintiffs re-allege and incorporate herein by this reference the allegations made in all the paragraphs above in this complaint as though fully set forth herein.

27.     Persons and entities such as the EQUIPO ACADEMY acting under color of law are subject to suit under 42 U.S.C. § 1983.

28.     Defendants, acting under the color of state law, intentionally discriminated against JANE DOE as a member of an identifiable class (female student) when they knowingly failed to address reasonably foreseeable student-on-student (aka peer-on-peer) sexual harassment in a charter school that mixes genders from ages 11 through 18. Shocking peer-on-peer sexual harassment cases in schools are known to have occurred in Clark County, Nevada and in communities across the United States. The Office of Civil Rights of the U.S. Department of Education has recognized and addressed the well known problem of peer-on-peer sexual harassment in schools, and specifically calls for monitoring in school hallways for detection, deterrence, and protection. The individual Defendants had the authority to control and supervise STUDENT X's behavior, and they failed to properly exercise that authority for the protection of JANE DOE. The individual Defendants set in motion a series of acts including, *inter alia*, the failure to act to implement student monitoring and training for student monitoring in various areas including school hallways where harassment is likely to, and did in fact, occur. The individual supervising Defendants knew or should have known that the failure to implement such custom and

policy would result in constitutional injury. These individual supervising Defendants are liable for their own culpable action and inaction in the training, supervision, or control of their subordinates and staff employees, which shows a reckless or callous indifference to the rights of JANE DOE. Defendant EQUIPO ACADEMY is liable for the constitutional torts committed by its Defendant supervisory employees complained about herein because EQUIPO ACADEMY made a choice from among various alternatives to follow a particular course of action or inaction that failed to guard against the foreseeable constitutional injuries complained of herein, and that shows a deliberate indifference to the constitutional rights of JANE DOE. EQUIPO ACADEMY acted through the individual Defendants who had policy-making authority and who ratified the conduct that caused the constitutional violations complained of herein. EQUIPO ACADEMY and the individual Defendants failed to take action to prevent and deter students from sexually molesting other students, which was deliberately indifferent to the very real risk that peer-on-peer sexual harassment would occur, and this was the moving force behind the constitutional violations complained of herein.

29.     Defendants violated JANE DOE's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by actions, including but not limited to, depriving JANE DOE of equal protection under the law on the basis of sex and depriving her of her right to be safe in her own person and bodily integrity.

30.     Defendants are responsible for student supervision and monitoring. They owed a duty of care toward JANE DOE and all other students to prevent and deter sexual harassment of female students occurring on the EQUIPO ACADEMY campus.

31.     Plaintiff JANE DOE had a Fourteenth Amendment constitutional right to be safe in her person and integrity, and be free from physical, emotional, and psychological injury.

32.     Defendants acted with deliberate indifference by failing to have a custom, policy, or procedure to monitor the hallways of the EQUIPO ACADEMY campus, with personnel or by electronic or digital surveillance to prevent young female minors from physical, emotional, and psychological abuse by older adult male students.

33.     Defendants acted with deliberate indifference by failing to have a custom, policy,

or procedure to train school personnel to monitor the hallways of the EQUIPO ACADEMY campus to prevent young female minors from physical, emotional, and psychological abuse by older adult male students.

34.     Defendants failed in their responsibilities to provide an environment free from discrimination and harassment to JANE DOE who suffered severe psychological trauma as a result of said failure.

35.     As a direct, foreseeable, and proximate cause of such deprivations, Plaintiff JANE DOE suffered and continues to suffer severe emotional distress, mental anguish, mental and physical pain and suffering, medical expenses, costs and attorney's fees.

36.     Defendants' actions harmed Plaintiff JANE DOE and were malicious, oppressive, or in conscious and reckless disregard of her rights. Defendants had knowledge of the probable harmful consequences of their wrongful acts, and willfully and deliberately failed to act to avoid those consequences. Defendants, therefore, are liable to Plaintiffs for a punitive or exemplary damages award. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiffs have been required to retain the services of an attorney, and, as a direct and foreseeable consequence thereof, have been damaged thereby, and are entitled to reasonable attorneys' fees and litigation costs.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF TITLE IX – AGAINST DEFENDANT EQUIPO ACADEMY**

37.     Plaintiffs re-allege and incorporate herein by this reference the allegations made in all the paragraphs above in this complaint as though fully set forth herein.

38.     Title IX provides that no person in the United States shall, on the basis of sex, be excluded from participation in, or be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving federal financial assistance.

39.     Defendant EQUIPO ACADEMY receives federal funds, which makes it subject to Title IX of the Educational Amendments of 1972.

40.     Defendant EQUIPO ACADEMY has a responsibility to prevent and address reasonably foreseeable peer-on-peer sexual harassment in its mixed gender school for ages 11

through 18.

41.     Defendant EQUIPO ACADEMY's responsibility under Title IX applies regardless of the potential application of any anti-bullying policy and regardless of whether a student has complained, asked the school to take action, or identified the harassment as a form of discrimination. *See* U.S. Dept. of Education, Office for Civil Rights, Dear Colleagues Letter (Oct. 26, 2010).

42.     Defendant EQUIPO ACADEMY acted with deliberate indifference by failing to monitor the hallways of its campus and in failing to prevent minors from physical, emotional, and psychological abuse.

43.     Defendant EQUIPO ACADEMY acted with deliberate indifference by failing to train school personnel to monitor the hallways of its campus.

44.     Defendant EQUIPO ACADEMY failed in its responsibility to provide an environment free from discrimination and harassment to JANE DOE who suffered severe psychological and physical trauma as a result of said failure.

45.     As a direct and proximate cause of such deprivation, Plaintiff JANE DOE suffered and continues to suffer severe emotional distress and mental anguish, mental and physical pain and suffering, medical expenses, and costs and attorney's fees.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs claim judgment against Defendants jointly and severally as follows:

A.    For general compensatory damages in excess of $15,000.00;

B.    For special damages in excess of $15,000.00;

C.    For punitive damages in excess of $15,000.00;

D.    For reasonable attorneys' fees and costs incurred in this action; and

E.    For such other relief as permitted by statute and as this Court shall deem fair and equitable.

DATED this 22nd day of April, 2020.

**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**

By:   */s/ Douglas M. Cohen*
DOUGLAS M. COHEN, ESQ. (SBN 1214)
DANIEL BRAVO, ESQ. (SBN 13078)
A. JILL GUINGCANGCO, ESQ. (SBN 14717)
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120
Telephone: (702) 341-5200
Facsimile: (702) 341-5300
Email: dcohen@wrslawyers.com
Email: dbravo@wrslawyers.com
Email: ajg@wrslawyers.com

*Attorneys for Plaintiffs*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9

## JURY DEMAND

Plaintiffs demand a trial by jury of all claims and issues asserted in this complaint.

DATED this 22nd day of April, 2020.

**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**

By:    */s/ Doughlas M. Cohen*
DOUGHLAS M. COHEN, ESQ. (SBN 1214)
DANIEL BRAVO, ESQ. (SBN 13078)
A. JILL GUINGCANGCO, ESQ. (SBN 14717)
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120
Telephone: (702) 341-5200
Facsimile: (702) 341-5300
Email: dcohen@wrslawyers.com
Email: dbravo@wrslawyers.com
Email: ajg@wrslawyers.com

*Attorneys for Plaintiffs*