**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN DOE, ET AL., | Case No. 2:20-cv-01490-KJD-DJA |
| Plaintiffs, | **ORDER** |
| v. | |
| EQUIPO ACADEMY, ET AL., | |
| Defendants. | |

This matter is before the Court on the Defendant's Motion to Compel an Independent Psychological Examination (ECF No. 35), filed March 17, 2021, and Motion for Leave to File Exhibit Under Seal (ECF No. 36), filed on March 18, 2021. Plaintiffs filed a Response (ECF No. 37) on March 26, 2021 and Defendant filed a Reply (ECF No. 38) on April 5, 2021. The Court finds these matters appropriately resolved without a hearing. LR 78-1.

**I.      BACKGROUND**

This action concerns an incident regarding an alleged sexual interaction between a minor child in the sixth grade and a senior male at Equipo Academy. The senior male is not a party to this action. Plaintiffs filed claims under Section 1983 and Title IX against Equipo. Plaintiffs also obtained a psychological examination on May 26, 2020 of the minor child and subsequently disclosed their expert and his report – Dr. Roitman. Among the findings is Dr. Roitman's opinion that the minor child needs weekly treatment, three separate medications, and two week-long psychiatric hospitalizations.

Defendant seeks an order compelling an independent psychological examination ("IME") so that they can disclose an expert and their expert can prepare a report based on the IME – Dr. Neiman-Kimel. (ECF No. 35). Defendant contends that the psychological state of the minor child, as well as the parents, are at issue in this litigation such that they are entitled to a defense

examination. Dr. Neiman-Kimel's proposed IME would consist of review of the records, an interview with the parents, and administration of 12 standard tests that measure the emotional, social and cognitive functioning of the child. The IME would take place over two days to make it more tolerable for the minor child and there is no recording or outsider observation permitted due to the proprietary nature of the tests and threat of influence that could undermine the reliability of the tests. Defendant agreed to provide the list of testing to be administered to Plaintiffs' Counsel along with the raw data to Plaintiffs' qualified experts – but not to counsel due to ethical obligations. The parties attempted to meet and confer until March 1, 2021, but ultimately were not able to agree on the need for the examination and parameters, which necessitated this motion practice.

Plaintiffs respond that the minor child should not have to undergo a medical examination by a defense expert. (ECF No. 37). They emphasize the underlying circumstances under which this action was brought, including repeated examinations by police, doctors, counselors, and Dr. Roitman that the minor child has already endured. Plaintiffs insist that an observer should be permitted to be present during the IME. They also seek for it to be recorded and object to the two day time frame.

Defendant replies that the proposed IME is not a two day marathon, but rather, is a carefully selected set of testing to provide a guide into the impact that the subject incident had on the minor child's emotional, social, developmental, and cognitive status. (ECF No. 38). The Court notes that it will consider the reply to be timely filed in an effort to fully consider this matter on the merits. Defendant also emphasizes that the tests are standard test for this type of examination and their contents cannot be fully disclosed due to proprietary reasons. Further, Defendant highlights that Plaintiffs do not dispute that the minor child's mental injury is in controversy so the good cause standard has been satisfied. Moreover, Defendant notes that it even selected a female examiner rather than the typical local male neuropsychologist such that the minor child would feel more comfortable. Ultimately, Defendant contends that it has a right to prepare its defense and needs the IME to level the playing field given Plaintiffs' use of Dr. Roitman and his expert report.

## II.     DISCUSSION

Fed.R.Civ.P. 35 governs the IME requested here.  Rule 35 expressly states that it is within the Court's discretion to order a party whose mental and physical condition is in controversy to submit to a mental examination by a suitably licensed or certified examiner.  Courts have utilized the following factors to determine if an examination is appropriate: in addition to a claim of emotional distress, one or more of the following – (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his/her mental condition is in controversy within the meaning of Rule 35(a).  *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995); *see also Gurshin v. Bank of America, N.A.*, 2016 WL 384929 (D. Nev. Jan. 27, 2016).  Moreover, this District Court has found it appropriate to permit a defense examination where a plaintiff has had ample opportunity for examination by her own expert.  *See Painter v. Atwood*, 2013 WL 548059 (D. Nev. Sept. 26, 2013).  Furthermore, courts have denied the request for the presence of a third party when the examination involves a minor in light of concerns that an observer may invalidate the testing results, fail to provide a level playing field, and create an adversarial environment rather than a neutral examination.  *See Ashley v. City & Cnty. of San Francisco*, 2013 WL 2386655 (N.D. Cal. May 30, 2013).

First, there is no doubt that the minor child's mental condition is in controversy in this action.  Indeed, Plaintiffs retained their own expert, Dr. Roitman, to opine on the minor child's mental condition.  Plaintiffs have also disclosed a computation of damages that includes over $70,000 in medical specials for therapy, of which the majority is future care recommended by Dr. Roitman.  There is no other means to obtain the desired information as a review of the medical records or Dr. Roitman's report alone will not suffice.  Notably, Plaintiffs' opposition never suggests that the minor child has been subject to the mental testing proposed by Defendant.  Rather, they list other testing like interviews by police detectives and nurses at UMC, which are not comparable.  Additionally, Plaintiffs intend to submit Dr. Roitman to prove the claimed damages of emotional distress.  To ensure that Defendant is able to adequately prepare its defense

and for this matter to be tried on the merits, the principles of fairness and equity justify permitting Defendant to have its own expert opine on the minor child's mental condition after an examination. As such, the Court finds good cause for the psychological examination.

Further, there is no dispute over Dr. Neiman-Kimel's credentials to conduct the IME for Defendant. Rather, Plaintiffs' opposition is focused on shielding the child from further trauma after all that she has been through. While the Court is mindful and empathetic to Plaintiffs' position, the Court finds that appropriate parameters can be placed on the IME to address these concerns and ensure that the minor child (who is now 14 years old) is protected as much as possible. Although the opposition resorts to rather inflammatory language to argue their point, the Court finds it appropriate to issue a note of caution. The IME is of a minor child and likely will discuss sensitive information. The utmost professionalism and care shall be extended to the minor child and the highest level of civility shall be utilized amongst counsel for both sides during the IME process.

As for the parameters of the IME, the Court agrees that a two day format may be used for the testing. This is not two full 8 hour days, but rather, the two day format is to make it easier on the minor child. The totality of the IME shall be completed between six to eight hours, which is a standard timeframe for the proposed testing. The list of testing shall be provided to Plaintiffs' counsel – which is outlined in Defendant's Motion (ECF No. 35, p. 13, lns. 9-20). The Court is aware of Plaintiffs' objection that Defendant must explain each of the proposed tests and their relevance, but finds that not convincing. It is clear from the nature of the tests that they are designed to obtain data on the minor child's mental state. The Court has sufficient information to find good cause to permit all of the tests to proceed.

Counsel for the parties shall meet and confer and find a mutually agreeable date and time for the examination to be conducted within the next 60 days. No observer shall be present for the testing, but the parents shall be permitted to remain on site and confer with their daughter on breaks as needed. Also, the IME shall not be recorded for counsel to review. The Court has not been presented with sufficient evidence that any recording is necessary under these specific circumstances. The parties involved are professionals and the Court finds that an observer or a

recording would be more likely to disrupt the examination rather than protect from an unscrupulous examination.

No stipulation shall be put on Dr. Neiman-Kimel's opinion as the parties have an opportunity to dispute expert reports during the motions in limine stage of the litigation. Further, production of the report and raw data shall be made in accordance with the discovery plan and scheduling order deadlines for expert and rebuttal expert disclosures. Finally, to the extent that Plaintiffs seek to take Dr. Neiman-Kimel's deposition, they may conduct it via remote means if they wish to avoid the costs and burden of travelling.

As for Defendant's Motion to Seal (ECF No. 36), the Court finds that Defendant has met the standard to seal with respect to Dr. Roitman's expert report. Although the fact that the information was disclosed as confidential under the Protective Order is not alone sufficient, it is the type of confidential health information that may be protected by the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The Court finds that protecting confidential health information is a compelling reason to seal Exhibit E-2. *See, e.g., Youtoo Techs., Inc. v. Twitter, Inc.*, 2017 WL 3396496 at *2 (D. Nev. Aug. 7, 2017). Therefore, the Court will grant Defendant's Motion to Seal (ECF No. 98).

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel an Independent Psychological Examination (ECF No. 35) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Exhibit Under Seal (ECF No. 36) is **granted**.

DATED: April 26, 2021.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE